## RITHOLZ et al. v. BAILEY et al.
### No. L. R. 160.

District Court, E. D. Arkansas, W. D.
June 22, 1942.

Bert B. Larey, of Texarkana, Ark., and Frankel & Frankel, of Little Rock, Ark., for plaintiffs.

House, Moses & Holmes (Eugene Warren appearing), and Lee Cazort, Jr., all of Little Rock, Ark., for defendants.

Before WOODROUGH, Circuit Judge, and TRIMBLE, and LEMLEY, District Judges.

TRIMBLE, District Judge.

### Findings of Fact.

Upon consideration of the evidence the court finds the facts:

1 That the business carried on by plaintiffs in Arkansas has been derived and is dependent upon its advertising upon which it has expended large sums.

2 That the plaintiffs are residents and citizens of the State of Illinois and the defendants are residents and citizens of the State of Arkansas and that the matter in controversy exceeds the sum of three thousand dollars, exclusive of interest and costs.

3 That in carrying on its business the plaintiffs use advertisements in the newspapers published in the State of Arkansas of which exhibits one and two identified in the affidavit of B. D. Ritholz and made part hereof are typical examples and it also advertises similarly by radio.

4 That the plaintiffs make arrangements with a physician and furnish him office

space and instruments in their store. He makes examinations of plaintiffs' customers in the office so furnished and makes use of the instrumentalities so furnished and the charge for his services is about one fifth of the regular physicians fee for like examinations.

5 That plaintiffs are manufacturing outside of the State and selling in their place of business in Arkansas, at retail, lenses, frames and mountings under prescriptions made by the physician with whom they have made the above arrangements.

6 That the facts set forth in the stipulation of the parties are true as follows:

(2) That plaintiffs as a partnership were proceeded against by information and penal action in Texarkana, Arkansas, in the Municipal court, said informations and penal actions being instituted by the Deputy Prosecuting Attorney, and were convicted on four counts, and their local manager convicted on two counts, based upon the statute involved here, and have been appealed.

(3) That the Hon. Dennis E. Williams, Deputy Prosecuting Attorney, at Texarkana, Arkansas, stated in the event the plaintiffs continued to advertise he would file additional informations.

### Conclusions of Law.

1 That the Court has jurisdiction of the parties and subject matter.

2 That Act 109 of the General Assembly of Arkansas of 1939 is not violative of the Constitution of the United States.

3 This Court does not pass upon the questions raised as to whether said Act 109 was passed in conformity with the requirements of the Constitution of Arkansas or whether its provisions or its attempted or threatened application to plaintiffs are violative of the Arkansas Constitution.

4 That no actions taken by defendant and no application threatened of the said Act or statutes of Arkansas referred to in plaintiffs' complaint is violative of any rights secured to the plaintiffs by any of the provisions of the Constitution of the United States.

(4) 5 That the plaintiffs are not entitled to injunctive relief and the temporary injunction hereto issued should be vacated.

Let the decree dismissing the bill be entered accordingly.